IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, et al. :

:

v. : Civil Action No. DKC 26-730

:

PARACHUTE FIRE PROTECTION LLC

:

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), is a motion for default judgment filed by the Trustees of the National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Local 669 UA Education Fund, National Automatic Sprinkler Industry Pension Fund, Sprinkler Industry Supplemental Pension Fund, International Training Fund, and Road Sprinkler Fitters Local Union 669 Work Assessments, Extended Benefit Fund and Industry Advancement Fund (together, the "Trustees" of the "NASI Funds"). (ECF No. 11). Parachute Fire Protection LLC ("Parachute") has filed no response in opposition. For the following reasons, the motion will be granted.

**I. Background**

The Trustees are fiduciaries of the NASI Funds which were established and are maintained through the Restated Agreements and Declarations of Trust ("the Trust Agreements"). The NASI Funds

are employee benefit plans as defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3) and are offered to employers through collective bargaining agreements.

Parachute entered into an Assent and Interim Agreement (the "Agreement") with Road Sprinkler Fitters and Apprentices Local Union No. 669 ("Local 669") on March 25, 2025. (ECF No. 11-4). The Assent and Interim Agreement bound Parachute to the Collective Bargaining Agreement between the National Fire Sprinkler Association, Inc. and Local 669 and to the NASI Funds. The Agreement established terms and conditions for the employment of journeymen and apprentice sprinkler fitters which, consequently, required contributions to the NASI Funds as required by the Trust Agreements for each hour of work for covered employees for the period of April 1, 2025, through March 31, 2030. (ECF No. 11-5 at 33). Parachute employed covered employees during the period of September 2025 through December 2025 but failed to submit reports or make contributions for the months of October 2025 through December 2025.

The NASI Funds projected the contribution delinquency for October, November, and December 2025 based on the monthly report submitted for September 2025 and concluded that they are owed $16,784.61 for these months.

The Trust Agreements provide that if an employer fails to make timely contributions, it must pay liquidated damages and interest. The NASI Funds assert that Parachute owes $2,949.44 in liquidated damages and $958.37 in interest through July 1, 2026. The NASI Funds also assert a claim for costs of $700 and attorneys' fees of $1,879.75.

The Trustees effected service of the Summons and Complaint on Stephen Olen, President of Parachute, on March 17, 2026. (ECF No. 4). When Parachute failed to respond timely, the Trustees moved for the entry of default (ECF No. 5), which was granted May 5, 2026. (ECF No. 9). The Trustees filed the instant motion for default judgment on June 22, 2026, seeking a judgment for the contributions owed for October through December 2025 plus liquidated damages, interest, attorneys' fees, and costs. (ECF No. 11).

**II. Standard of Review**

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter

a default judgment, upon the plaintiff's application and notice to the defaulting party, pursuant to Rule 55(b)(2). A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002). The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Upon entry of default, the well-pleaded allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("[O]n default judgment, the court may only

award damages without a hearing if the record supports the damages requested.”).

**III. Analysis**

Assuming the truth of the well-pleaded allegations of the Complaint, as the court must upon entry of default, the Trustees have established a violation under ERISA. Section 502(a)(3) authorizes parties to enforce the provisions of trust agreements. *See* 29 U.S.C. § 1132(a)(3) (providing that a civil action may be brought: “(A) to enjoin any act or practice which violates . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any . . . terms of the plan”). According to the Complaint, Parachute is a signatory to the collective bargaining agreements with the Road Sprinkler Fitters Local Union No. 669 and is, therefore, obligated to comply with the terms of the Trust Agreements. Based on these undisputed allegations, the NASI Funds have stated a sufficient claim for relief under ERISA.

**A. Unpaid Contributions**

The NASI Funds’ motion for the entry of judgment by default seeks contributions for October through December 2025. The Restated Agreements and Declarations of Trust establishing the NASI Funds authorize the NASI Funds to project contributions owed

by averaging the last three months for which reports were submitted. Inasmuch as Parachute filed only one report, September 2025, and has filed no opposition to the motion, the record supports $16,784.61 in unpaid contributions for the months October, November, and December 2025.

**B. Liquidated Damages and Interest**

The NASI Funds seek $958.37 in interest through July 1, 2026, and $2,949.44 in liquidated damages assessed on the projected contributions owed from October 2025 through December 2025. The Restated Trust Agreements and Declarations of Trust establishing the NASI Funds and the Guidelines for Participation in the NASI Funds provide that contributions and the required reporting forms are due on or before the 15th day of each month following the month in which the work was performed. If an Employer does not pay the amounts due to the Fund by the due date, that Employer is delinquent and, in the discretion of the Trustees, the following will be added to and become part of the amount due from the Employer: (1) liquidated damages in the amount of ten percent (10%) if payment of contributions is not received by the 15th day of the month in which payment was due, an additional five percent (5%) if payment of contributions is not received by the last working day of the month in which payment was due, and an

additional five percent (5%) if contributions are not received by the 15th day of the month following the month in which payment was due, for a total of twenty percent (20%) liquidated damages.

The Trustees' motion for default judgment and Declaration of Anna E. Bosmans request $2,949.44[1] as liquidated damages. This amount will be awarded.

The Trustees' motion for default judgment indicates that $958.37 is owed in interest through July 1, 2026. The Agreement obligates Parachute to pay twelve percent (12%) interest from the date of delinquency. Thus, the interest Plaintiffs request of $958.37 through July 1, 2026, will be awarded.

**C. Attorneys' Fees**

Plaintiffs seek $1,879.75 in attorneys' fees. In support of this request, Plaintiffs submit the Declaration of Charles W. Gilligan regarding attorneys' fees and costs. (ECF No. 11-13). Mr. Gilligan states that the firm spent 9.5 hours on this case on behalf of the Plaintiffs at a rate of $387 per hour for attorney time prior to April 1, 2026, and $400 per hour for attorney time after April 1, 2026. The firm charged $181 per hour for paralegal

---

[1] Twenty percent (20%) of the contributions owed of $16,784.61 is $3,356.92.

time prior to April 1, 2026, and $190 per hour for paralegal time after April 1, 2026.

The sum requested is reasonable and $1,879.75 in attorneys' fees will be awarded.

**D. Costs**

Plaintiffs seek $700 in costs. In support of this request, Plaintiffs state that in addition to the $405 filing fee to commence this action, $295 was expended for service of process on Defendant. (ECF No. 11-14). The record supports the requested amount and $700 in costs will be awarded to Plaintiffs.

**IV. Conclusion**

For the foregoing reasons, the motion for the entry of default judgment will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge